1  Barry Blankfield IL ARDC No. 6203785
   bblankfield@cftc.gov
2  William P. Janulis IL ARDC No. 1326449
   wjanulis@cftc.gov
3  Commodity Futures Trading Commission
4  525 W. Monroe St., #1100
   Chicago, IL 60661
5  Telephone: (312) 596-0525 (Blankfield)
6  Facsimile: (312) 596-0714

7  Kent Kawakami, CA Bar No. 149803
8  United States Attorney's Office
9  Central District of California - Civil Division
   300 North Los Angeles Street Room 7516
10 Los Angeles, CA 90012
   Telephone: (213) 894-4858
11 Facsimile: (213) 894-2380

12
   Attorneys for Plaintiff
13

14

15        **UNITED STATES DISTRICT COURT**
       **FOR THE CENTRAL DISTRICT OF CALIFORNIA**
16              **WESTERN DIVISION**

17

18 | *U.S.* **Commodity Futures Trading Commission,** Plaintiff, | Civil Action No. **CV10 7013** |
   | | Judge *GAF (Ex)* |
19 |
20 |
   |            vs.
21 |
22 | **People's Alternative, Inc., Jaime Gallardo, Karl Ochoa, and Maria Delores Iracheta, Defendants.** | **COMPLAINT FOR INJUNCTIVE AND OTHER EQUITABLE RELIEF AND PENALTIES UNDER THE COMMODITY EXCHANGE ACT** |
23 |
24 |
25

26

1

## I.  SUMMARY

1.      Defendants People's Alternative, Inc. ("PAI"), Jaime Gallardo ("Gallardo"), Karl Ochoa ("Ochoa") and Maria Dolores Iracheta ("Iracheta") (collectively, "Defendants"), have engaged, are engaging, or are about to engage in acts and practices that have defrauded and deceived or will defraud or deceive participants in their commodity pool enterprise.  Since at least November 2008, Defendants have fraudulently solicited, accepted and pooled at least $1.2 million dollars from approximately 98 participants and have used pooled participant funds to trade commodity futures, foreign currency ("forex") and securities.  The Defendants have failed to disclose to pool participants and prospective pool participants that their funds would be or are being used to trade commodity futures and forex and have further failed to disclose the significant risks of loss associated with such trading.

2.      Additionally, PAI has intentionally or recklessly misrepresented that participants would not lose their principal and has failed to disclose the pool's trading losses to participants and prospective participants.  Defendants Gallardo, Ochoa and Iracheta have also misappropriated participant funds, using them for personal expenses such as automobile expenses, mortgage payments, entertainment expenses, debit card purchases, ATM or cash withdrawals, and retail and food purchases.

3.     Finally, since February 3, 2010, and continuing through the present, PAI has failed to provide for inspection or produce required books and records.

4.     By virtue of this conduct and the conduct further described herein, Defendants have engaged in conduct in violation of Sections 4b(a)(1)(A) and (C) and 4b(a)(2)(A) and (C) of the Commodity Exchange Act ("Act"), as amended by the Food, Conservation, and Energy Act of 2008, Pub. L. No. 110-246, Title XIII (subtitled "CFTC Reauthorization Act of 2008" ("CRA")), §§ 13101-13204, 122 Stat. 1651 (enacted June 18, 2008), to be codified at 7 U.S.C. §§ 6b(a)(1)(A) and (C) and 6b(a)(2)(A) and (C), and Section 4o(1)(A) and (B) of that Act, 7 U.S.C. §§ 6o(1)(A) and (B) (2006).  Defendants, respectively, also have also acted in a capacity requiring registration with the Commodity Futures Trading Commission ("CFTC" or the "Commission") without the benefit of registration in violation of Sections 4k(2) and 4m(1) of the Act, 7 U.S.C. §§ 6k(2) and 6m(1) (2006).  PAI and Gallardo also have not produced to the Commission required books and records in violation of Commission Regulations ("Regulations") 1.31 and 4.23, 17 C.F.R. §§ 1.31 and 4.23 (2010).

5.     Accordingly, the CFTC brings this action pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1 (2006), to enjoin Defendants' unlawful acts and practices and to compel their compliance with the Act and Regulations.  In addition, the CFTC seeks restitution, disgorgement, civil monetary penalties,

permanent trading and registration bans, and such other statutory or equitable relief as this Court may deem necessary or appropriate.

6.     Unless restrained and enjoined by this Court, Defendants are likely to engage in the acts and practices alleged in this complaint, or in similar acts and practices as described more fully below.

## II.    JURISDICTION AND VENUE

7.     This Court has jurisdiction over this action pursuant to Section 6c(a) of the Act, 7 U.S.C. § 13a-1(a) (2006), and Section 2(c)(2)(C)(i)-(iii) of the Act, as amended by the CRA, to be codified at 7 U.S.C. § 2(c)(2)(C)(i)-(iii).  Section 6c(a) of the Act authorizes the CFTC to seek injunctive relief against any person whenever it shall appear to the CFTC that such person has engaged, is engaging, or is about to engage in any act or practice constituting a violation of any provision of the Act or any rule, regulation or order promulgated thereunder.

8.     Venue properly lies with this Court pursuant to Section 6c(e) of the Act, 7 U.S.C. § 13a-1(e) (2006), because Defendants reside in this jurisdiction and the acts and practices in violation of the Act have occurred, are occurring or are about to occur within this District.

## III.    THE PARTIES

9.     Plaintiff Commodity Futures Trading Commission is an independent federal regulatory agency that is charged by Congress with administering and

1    enforcing the Act, 7 U.S.C. §§ 1 et seq., and the regulations promulgated

2    thereunder, 17 C.F.R. §§ 1.1 et seq. (2010).

3          10.    Defendant People's Alternative, Inc. is a California corporation

4
     established in November 2008 with a business address at 4125 Verdugo Road, Los
5

6    Angeles, California.  PAI has acted as a commodity pool operator ("CPO") by

7    using pooled participant funds to trade commodity futures among its various

8
     investment activities.  PAI has never been registered with the Commission in any
9

10   capacity.

11         11.    Defendant Jaime Gallardo is the president of PAI and is responsible

12
     for many of the key facets of PAI's operations, including the opening and
13

14   maintenance of most of PAI's bank and trading accounts.  Gallardo resides in

15   Pasadena, California.  Gallardo also has held himself out to be both the chief

16
     executive officer and chief financial officer of PAI.  Gallardo has never been
17

18   registered with the Commission in any capacity.

19         12.    Defendant Karl Ochoa has held himself out as the corporate secretary

20
     of PAI.  Ochoa resides in Los Angeles, California.  Ochoa has never been
21

22   registered with the Commission in any capacity.

23         13.    Defendant Maria Dolores Iracheta has held herself out as both the

24
     chief executive officer and the chief financial officer of PAI.  Iracheta resides in
25

26

5

Los Angeles, California.  Iracheta has never been registered with the Commission in any capacity.

## IV.   STATUTORY BACKGROUND

14.   A "commodity pool" is defined in Regulation 4.10(d)(1), 17 C.F.R. § 4.10(d)(1) (2010), as any investment trust, syndicate or similar form of enterprise operated for the purpose of trading commodity interests.

15.   A CPO is defined in Section 1a(5) of the Act, 7 U.S.C. § 1(a)(5) (2006), as any person engaged in a business that is of the nature of an investment trust, syndicate, or similar form of enterprise, and who, in connection therewith, solicits, accepts or receives from others, funds, securities, or property, either directly or through capital contributions, the sale of stock or other forms of securities, or otherwise, for the purpose of trading in any commodity for future delivery on or subject to the rules of any contract market or derivatives transaction execution facility.

16.   An associated person ("AP") of a CPO is defined in Regulation 1.3(aa)(3), 17 C.F.R. § 1.3(aa)(3) (2010), as a natural person associated with a CPO "as a partner, officer, employee, consultant, or agent (or any natural person occupying a similar status or performing similar functions), in any capacity which involves (i) the solicitation of funds, securities, or property for a participation in a commodity pool or (ii) the supervision of any person or persons so engaged."

17.     A "participant" is defined in Regulation 4.10(c), 17 C.F.R. § 4.10(c) (2010), as any person who has any direct financial interest in a commodity pool.

## V.     DEFENDANTS' FRAUDULENT SCHEME

### A.     The Pool Enterprise and the Solicitation of Participants

18.     From approximately November 2008 to the present, PAI, by and through its agents, including but not limited to, Gallardo, Ochoa and Iracheta, have been soliciting members of the general public to invest with PAI.  PAI has grown to include at least 98 participants.  The participants' funds have been pooled and used to trade various financial instruments including, but not limited to, commodity futures, forex, and securities.

19.     Gallardo, Ochoa and Iracheta have solicited individual prospective participants and conducted group solicitation meetings.  Gallardo, Ochoa and Iracheta have told pool participants that PAI was investing in securities and occasionally that PAI was also investing in gold.  However, Gallardo, Ochoa and Iracheta, either intentionally or recklessly, have failed to disclose to participants and prospective participants that their funds would be or are being used to trade commodity futures and forex, and have further failed to disclose the significant risks of loss associated with such trading.

20.     PAI offers two different investment plans to pool participants, the first for general investors ("General Pool") and a second for prospective first-time

low income homebuyers ("Homebuyer Pool"). Participants can invest any amount in the General Pool, but are generally restricted to investments of $1,000 in the Homebuyer Pool. Gallardo and Ochoa have encouraged some investors to open up lines of credit at banks or credit unions as a method to fund General Pool investments. Additionally, Gallardo has represented that the investment returns on General Pool investments would allow participants to pay off their outstanding balances on any lines of credit within one (1) year.

21. PAI customarily structures the transactions with participants using an investment agreement. The General Pool Investment Agreement ("GPIA") provides for an investment term of six (6) months and the Homebuyer Pool Investment Agreement ("HBIA") provides for an investment term of over five (5) years.

22. Both the GPIA and the HBIA acknowledge that PAI will sell shares to the participant at a price of twenty dollars ($20.00) per share, and PAI will subsequently repurchase the shares from each participant at the termination of the contract at a price of twenty dollars ($20.00) per share. The GPIA and the HBIA also provide on a "Best Effort basis" that PAI would earn between five percent (5%) and ten percent (10%) per month for the General Pool investors and ten percent (10%) per month for the Homebuyer Pool investors compounded monthly. The GPIA stated that dividends would be "payable in arrears through leveraged

trading programs" and the HBIA stated that dividends would be "compounded monthly, through leveraged trading programs."  The HBIA also states that Homebuyer Pool investors will forfeit their accrued dividends if the contract is terminated prior to contract expiration, but will still receive their entire initial $1,000 investment back.

23.     Because the GPIA and the HBIA both customarily state that upon expiration or termination of the agreement, "the funds in account shall be returned" to the General Pool or Homebuyer Pool investor and the "shares shall be deemed resold to P.A.I," PAI effectively guarantees no risk of loss of principal to participants.

24.     Both the GPIA and the HBIA fail to disclose that PAI was engaging in commodity futures and forex trading and the significant risks of loss associated with such trading.

25.     Neither the GPIA nor the HBIA authorize the use of any participant funds for any form of compensation to Defendants.

26.     From at least November 2008 to date, approximately 98 participants have invested at least $1.2 million with Defendants.

**B.     PAI's Commodity Futures, Forex and Securities Trading Accounts and Trading Losses**

27.     Since November 2008, one or more of the Defendants have opened and deposited participant funds in at least four (4) bank accounts in the name of PAI at Bank of America, N.A. ("BOA").

28.     Since April 2009, Gallardo and Ochoa opened four (4) commodity futures trading accounts in the name of PAI at Rosenthal Collins Group LLC ("RCG"), a registered futures commission merchant ("FCM").  Thus far over the lifetime of these four accounts, the Defendants have deposited approximately $220,095 of participant funds in these accounts and withdrawn approximately $156,842.  The accounts have lost approximately $63,253 through trading, which includes commissions and fees.

29.     In April 2009, a fifth commodity futures trading account at RCG was opened in the individual name of a PAI employee, Marie C. Gutierrez, who, upon information and belief, is the sister of defendant Ochoa.  Thus far, over the lifetime of this account, the Defendants have deposited approximately $96,326 in the Gutierrez account, some of which is participant funds, and withdrawn approximately $37,507.  The account has lost approximately $58,819 through trading, which includes commissions and fees.

30.     In February and March 2009, Gallardo opened combined securities and commodity futures trading accounts in the name of PAI at Interactive Brokers,

LLC ("Interactive"), another registered FCM.  Thus far over the lifetime of these two Interactive accounts, the Defendants have deposited approximately $135,000 in participant funds into these accounts and withdrawn approximately $97,540. The accounts have lost approximately $32,784 through trading, which includes commissions and fees.

31.     In February 2009, Ochoa opened a forex trading account in the name of PAI at Oanda Corporation ("Oanda"), a registered FCM located in Canada, and in March 2009, Iracheta opened a second personal forex trading account at Oanda in her own name.  Both accounts at Oanda are funded with participant funds. Thus far over the lifetime of these two accounts, the Defendants have deposited approximately $118,809 in participant funds and withdrawn approximately $17,190.  The accounts have lost approximately $101,588 through trading, which includes commissions and fees.

32.     In April 2009, Gallardo and Ochoa opened a separate securities trading account in the name of PAI at Morgan Stanley & Co. Incorporated.  Thus far, over the lifetime of this securities account, the Defendants have deposited approximately $372,638 in participant funds and withdrawn approximately $290,866.  The account has gained approximately $221,693 through trading, which includes commissions and fees.

33.     Overall, during the lifetime of all trading accounts described in paragraphs 27 though 32 above, in the aggregate, Defendants have lost approximately $120,160 trading commodity futures, $101,588 trading forex, but gained approximately $186,998 trading securities.

34.     The Defendants have failed to disclose, either intentionally or recklessly, the full extent of their trading losses described in paragraphs 28 through 32 to PAI's participants and prospective participants.

35.     From at least November 2009 to the present, the Defendants have ceased to pay monthly dividend payments to most, if not all, participants in both the General Pool and the Homebuyer Pool.

**C.     The Nature of the Forex Transactions**

36.     Neither Defendants nor the purported counterparties to the forex transactions were financial institutions, registered broker dealers, insurance companies, financial holding companies, or investment bank holding companies or the associated persons of financial institutions, registered broker dealers, insurance companies, financial holding companies, or investment bank holding companies.

37.     Most of Defendants' customers were not "eligible contract participants" as that term is defined in Section 1a(12)(A)(xi) of the Act, 7 U.S.C. § 1a(12) (2006) (an "eligible contract participant," as relevant here, is an

12

individual with total assets in excess of (i) $10 million, or (ii) $5 million and who enters the transaction "to manage the risk associated with an asset owned or liability incurred, or reasonably likely to be owned or incurred, by the individual").

38.     The forex transactions engaged in by Iracheta and Ochoa on behalf of PAI's participants were entered into on a leveraged or margined basis.  Iracheta and Ochoa were required to provide only a percentage of the value of the forex contracts that they purchased.

39.     The forex transactions engaged in by Iracheta and Ochoa on behalf of PAI's participants neither resulted in delivery within two days nor created an enforceable obligation to deliver between a seller and a buyer that had the ability to deliver and accept delivery, respectively, in connection with their lines of business.  Rather, these forex contracts remained open from day to day and ultimately were offset without anyone making or taking delivery of actual currency (or facing an obligation to do so).

**D.     Misappropriation of Participant Funds**

40.     Between at least November 2008 and the present, Gallardo, Ochoa and Iracheta together have misappropriated at least $533,000 of participant funds and used those funds for personal purposes such as automobile expenses,

mortgage payments, entertainment expenses, debit card purchases, ATM or cash withdrawals, travel expenses and retail and food purchases.

### E.      Failure to Provide Required Books and Records

41.      Despite the Commission's multiple requests to PAI and Gallardo that PAI produce required books and records, both PAI and Gallardo have failed to produce them in violation of the Act and Regulations.  In so doing, Gallardo has knowingly induced, directly or indirectly, PAI's violation of the Act and Regulations or has failed to act in good faith.

## VI.    VIOLATIONS OF THE COMMODITY EXCHANGE ACT AND COMMISSION REGULATIONS

### Count One

### Violations of Sections 4b(a)(1)(A) and (C) of the Act, as amended by the CRA:
### Fraud by Misrepresentation and Misappropriation

42.      Paragraphs 1 through 41 are realleged and incorporated herein by reference.

43.      Regarding the pool's trading in commodity futures, Sections 4b(a)(1)(A) and (C) of the Act, as amended by the CRA, make it unlawful for any person: (A) to cheat or defraud or attempt to cheat or defraud the other person; or (C) willfully to deceive or attempt to deceive the other person by any means whatsoever in regard to any order or contract or the disposition or execution of any order or contract, or in regard to any act of agency performed, with respect to

14

any order or contract for the other person, in or in connection with any order to make, or the making of, any contract of sale of any commodity in interstate commerce or for future delivery that is made, or to be made, on or subject to the rules of a designated contract market, for or on behalf of any person.

44.    Defendants have cheated, defrauded or deceived or attempted to cheat, defraud or deceive pool participants by, among other things: (a) failing to disclose to participants and prospective participants that their funds would be or were being used to trade commodity futures and forex; (b) misrepresenting that participants would not lose their principal and otherwise failing to disclose to participants and prospective participants the significant risks of loss associated with trading commodity futures and forex; (c) failing to disclose trading losses to participants and prospective participants; and (d) misappropriating participant funds for their personal uses.

45.    Defendants intentionally or recklessly engaged in the acts and practices described in this Count One.

46.    Defendants therefore have violated Sections 4b(a)(1)(A) and (C) of the Act, as amended by the CRA, to be codified at 7 U.S.C. §§ 6b(a)(1) (A).

47.    The foregoing acts, misrepresentations, omissions, and failures of Gallardo, Ochoa and Iracheta, as described in this Count One, occurred within the scope of their employment with PAI; therefore, PAI is liable for these acts in

violation of the Act as alleged in this count pursuant to Section 2(a)(1)(B) of the Act, 7 U.S.C. § 2(a)(1)(B) (2006), and Regulation 1.2, 17 C.F.R. § 1.2 (2010).

48.     During all relevant times, Gallardo directly or indirectly controlled PAI and did not act in good faith or knowingly induced, directly or indirectly, the acts constituting PAI's violations alleged in this Count One.  Gallardo is therefore liable for PAI's violations described in this Count to the same extent as PAI, pursuant to Section 13(b) of the Act, 7 U.S.C. § 13c(b)(2006).

49.     Each act of omission of a material fact, misrepresentation and misappropriation of funds, including, but not limited to, those specifically alleged herein, is alleged as a separate and distinct violation of Sections 4b(a)(1)(A) and (C) of the Act, as amended by the CRA, to be codified at 7 U.S.C. §§ 6b(a)(1) (A).

## Count Two

### Violations of Sections 4b(a)(2)(A) and (C) of the Act, as amended by the CRA:
### Fraud by Misrepresentation and Misappropriation

50.     Paragraphs 1 through 41 are realleged and incorporated herein by reference.

51.     Regarding the Defendants' retail forex transactions, Sections 4b(a)(2)(A) and (C) of the Act, as amended by the CRA, make it unlawful for any person: (A) to cheat or defraud or attempt to cheat or defraud the other person; or (C) willfully to deceive or attempt to deceive the other person by any means

whatsoever in regard to any order or contract or the disposition or execution of any order or contract, or in regard to any act of agency performed, with respect to any order or contract for the other person, in or in connection with any order to make, or the making of, any contract of sale of any commodity for future delivery, or other agreement, contract, or transaction subject to paragraphs (1) and (2) of section 5a(g), that is made, or to be made, for or on behalf of, or with, any other person, other than on or subject to the rules of a designated contract .

52.     Defendants have cheated, defrauded or deceived or attempted to cheat, defraud or deceive General Pool and Homebuyer Pool participants by, among other things: (a) failing to disclose to participants and prospective participants that their funds would be or were being used to trade commodity futures and forex; (b) misrepresenting that participants would not lose their principal and otherwise failing to disclose to participants and prospective participants the significant risks of loss associated with trading commodity futures and forex; (c) failing to disclose trading losses to participants and prospective participants; and (d) misappropriating participant funds for their personal uses.

53.     Defendants intentionally or recklessly engaged in the acts and practices described in this Count Two.

17

54.    Defendants therefore have violated Sections 4b(a)(2)(A) and (C) of the Act, as amended by the CRA, to be codified at 7 U.S.C. §§ 6b(a)(2)(A) and (C).

55.    The foregoing acts, misrepresentations, omissions, and failures of Gallardo, Ochoa and Iracheta, as described in this Count Two, occurred within the scope of their employment with PAI; therefore, PAI is liable for these acts in violation of the Act as alleged in this count pursuant to Section 2(a)(1)(B) of the Act, 7 U.S.C. § 2(a)(1)(B), and Regulation 1.2, 17 C.F.R. § 1.2.

56.    During all relevant times, Gallardo directly or indirectly controlled PAI and did not act in good faith or knowingly induced, directly or indirectly, the acts constituting PAI's violations alleged in this Count Two.  Gallardo is therefore liable for PAI's violations described in this Count to the same extent as PAI, pursuant to Section 13(b) of the Act, 7 U.S.C. § 13c(b).

57.    Each act of omission of a material fact, misrepresentation and misappropriation of funds, including, but not limited to, those specifically alleged herein, is alleged as a separate and distinct violation of Sections 4b(a)(2)(A) and (C) of the Act, as amended by the CRA, to be codified at 7 U.S.C. §§ 6b(a)(2)(A) and (C).

# Count Three

## Violations of Section 4o(1)(A) and (B) of the Act:
## Fraud by a CPO and APs of a CPO

58.     Paragraphs 1 through 41 are realleged and incorporated herein by reference.

59.     During all relevant times, PAI acted as a CPO by engaging in a business that is of the nature of an investment trust, syndicate, or similar form of enterprise and in connection therewith, solicited, accepted or received funds, securities, or property from others for the purpose of trading in any commodity for future delivery on or subject to the rules of any contract market or derivatives transaction execution facility.

60.     During all relevant times, Gallardo, Ochoa and Iracheta each acted as APs of a CPO by associating with PAI as a partner, officer, employee, consultant, or agent (or occupying a similar status or performing similar functions), in a capacity which involved (i) the solicitation of funds, securities, or property for a participation in a commodity pool or (ii) the supervision of any person or persons so engaged.

61.     Section 4o(1) of the Act, in relevant part, prohibits a CPO or an AP of a CPO, from directly or indirectly employing any device, scheme, or artifice to defraud any participant or prospective participants, or engaging in any transaction, practice or course of business that operates as a fraud or deceit upon any

19

participant or prospective participants, by using the mails or other means or instrumentality of interstate commerce.

62.     As set forth above, PAI, acting as a CPO, and Gallardo, Ochoa and Iracheta, each acting as an AP of a CPO, have defrauded and deceived General Pool and Homebuyer Pool participants by, among other things: (a) failing to disclose to participants and prospective participants that their funds would be or were being used to trade commodity futures and forex; (b) misrepresenting that participants would not lose their principal and otherwise failing to disclose to participants and prospective participants the significant risks of loss associated with trading commodity futures and forex (c) failing to disclose trading losses to participants and prospective participants; and (d) misappropriating participant funds for their personal use, all in violation of Sections 4o(1)(A) and (B) of the Act, 7 U.S.C. §§ 6o(1)(A) and (B).

63.     Defendants intentionally or recklessly engaged in the acts and practices described in this Count Three.

64.     The foregoing acts, misrepresentations, omissions, and failures of Gallardo, Ochoa and Iracheta occurred within their scope of their employment with PAI; therefore, PAI is liable for these acts in violation of the Act, as alleged in this count, pursuant to Section 2(a)(1)(B) of the Act, 7 U.S.C. §2(a)(1)(B), and Regulation 1.2, 17 C.F.R. § 1.2.

65.     During all relevant times, Gallardo directly or indirectly controlled PAI and did not act in good faith or knowingly induced, directly or indirectly, the acts constituting PAI's violations alleged in this Count Three.  Gallardo is therefore liable for PAI's violations described in this Count to the same extent as PAI, pursuant to Section 13(b) of the Act, 7 U.S.C. § 13c(b).

66.     Each act of omission of a material fact, misrepresentation and misappropriation of funds, including but not limited to those specifically alleged herein, is alleged as a separate and distinct violation of Sections 4o(1)(A) and (B) of the Act, 7 U.S.C. §§ 6o(1)(A) and (B).

## Count Four

### Violations of Section 4m(1) of the Act:
### Failure to Register as a CPO

67.     Paragraphs 1 through 41 are realleged and incorporated herein by reference.

68.     With certain exemptions and exclusions not applicable here, all CPOs operating a commodity pool are required to be registered with the Commission pursuant to Section 4m(1) of the Act, 7 U.S.C. § 6m(1).

69.     PAI has engaged in activities as a CPO without the benefit of registration as a CPO, and in connection therewith used the mails or other means or instrumentalities of interstate commerce, in violation of Section 4m(1) of the Act, 7 U.S.C. § 6m(1).

70.     Gallardo has directly or indirectly controlled PAI and did not act in good faith or knowingly induced, directly or indirectly, the acts constituting PAI's violations alleged in this Count Four.  Gallardo is therefore liable for PAI's violations of Section 4m(1) of the Act, 7 U.S.C. § 6m(1), to the same extent as PAI, pursuant to Section 13(b) of the Act, 7 U.S.C. § 13c(b).

71.     Each use of the mails or any means or instrumentality of interstate commerce in connection with its business as a CPO without proper registration during the relevant time period, including but not limited to those specifically alleged herein, is alleged as a separate and distinct violation of Section 4m(1) of the Act, 7 U.S.C. § 6m(1).

**Count Five**

**Violations of Section 4k(2) of the Act:
Failure to Register as APs of a CPO**

72.     Paragraphs 1 through 41 are re-alleged and incorporated herein by reference.

73.     With certain specified exceptions and exemptions not applicable here, all APs of CPOs are required to be registered with the Commission pursuant to Section 4k(2) of the Act, 7 U.S.C. § 6k(2).

74.     Gallardo, Ochoa and Iracheta have engaged in their solicitation activities for PAI without the benefit of registration as APs of a CPO in violation of Section 4k(2) of the Act, 7 U.S.C. § 6k(2).

75.    PAI has knew or should have known that Gallardo, Ochoa and Iracheta were not registered as APs, but allowed Gallardo, Ochoa and Iracheta to become or remain associated with PAI in the capacity of APs through their solicitation activities for PAI and, therefore, PAI violated Section 4k(2) of the Act, 7 U.S.C. § 6k(2).

**Count Six**

**Violations of Regulations 1.31 and 4.23:  Failure to Produce Required Books and Records**

76.    Paragraphs 1 through 41 are re-alleged and incorporated herein by reference.

77.    Regulation 1.31, 17 C.F.R. § 1.31, requires that all books and records required to be kept by the Act or Regulations shall be kept for a period of five years and shall be readily accessible during the first two years.  All such books and records shall be open to inspection by any representative of the Commission or the Department of Justice and shall also be provided to the Commission upon request.

78.    Regulation 4.23, 17 C.F.R. § 4.23, provides, in relevant part, that all CPOs registered or required to be registered under the Act must make, keep and produce upon Commission request certain books and records, including, but not limited to, (a) itemized daily records of commodity interest transactions, (b) all receipts and disbursements of money, securities and other property, (c) the name

and address of each participant and a ledger of all funds the pool received from or distributed to participants, (d) a ledger of all asset, liability, capital, income and expense accounts, and (e) all cancelled checks, bank statements, journals, ledgers and all other records, data and memoranda prepared or received in connection with the operation of the pool.  Such books and records must be made and kept in an accurate, current and orderly manner.

79.    Beginning on February 3, 2010, and continuing through the present, PAI violated Regulations 1.31 and 4.23, 17 C.F.R. §§ 1.31 and 4.23, by:  refusing to, upon request of the Commission, produce its books and records, including, but not limited to, books and records that would show (a) itemized daily records of commodity interest transactions, (b) all receipts and disbursements of money, securities and other property, (c) the name and address of each participant and a ledger of all funds the pool received from or distributed to participants, (d) a ledger of all asset, liability, capital, income and expense accounts, and (e) all cancelled checks, bank statements, journals, ledgers and all other records, data and memoranda prepared or received in connection with the operation of the pool.

80.    During all relevant times, Gallardo directly or indirectly controlled PAI and did not act in good faith or knowingly induced, directly or indirectly, the acts constituting PAI's violations alleged in this Count Six.  Gallardo is therefore

liable for PAI's violations described in this Count to the same extent as PAI, pursuant to Section 13(b) of the Act, 7 U.S.C. § 13c(b)(2006).

81.    Each day PAI and Gallardo failed to comply with the Commission's request to produce PAI's books and records is alleged as a separate and distinct violation of Regulations 1.31 and 4.23, 17 C.F.R. §§ 1.31 and 4.23.

## VII.   RELIEF REQUESTED

WHEREFORE, the Commission respectfully requests that this Court, as authorized by Section 6c of the Act, 7 U.S.C. § 13a-1, and pursuant to its own equitable powers:

A.     Find Defendants liable for violating Sections 4b(a)(1)(A) and (C) and 4b(a)(2)(A) and (C) of the Act, as amended by the CRA, to be codified at 7 U.S.C. §§ 6b(a)(1)(A) and (C) and 6b(a)(2)(A) and (C), and Sections 4o(1)(A) and (B), 4m(1) and 4k(2) of the Act, 7 U.S.C. §§ 6o(1)(A) and (B), 6m(1) and 6k(2) (2006);

B.     Find PAI and Gallardo liable for violating Regulations 1.31 and 4.23, 17 C.F.R. §§ 1.31 and 4.23 (2010);

C.     Enter an ex parte statutory restraining order and preliminary injunction pursuant to Section 6c(a) of the Act, 7 U.S.C. § 13a-1 (2006), restraining Defendants and all persons insofar as they are acting in the capacity of Defendants' and agents, servants, successors, employees, assigns, and attorneys,

and all persons insofar as they are acting in active concert or participation with them who receive actual notice of such order by personal service or otherwise, from directly or indirectly:

1.    destroying, mutilating, concealing, altering or disposing of any books and records, documents, correspondence, brochures, manuals, electronically stored data, tape records or other property of Defendants, wherever located, including all such records concerning Defendants' business operations;

2.    refusing to permit authorized representatives of the Commission to inspect, when and as requested, any books and records, documents, correspondence, brochures, manuals, electronically stored data, tape records or other property of Defendants, wherever located, including all such records concerning Defendants' business operations; and

3.    withdrawing, transferring, removing, dissipating, concealing or disposing of, in any manner, any funds, assets, or other property belonging to or within the custody, control or actual or constructive possession of the Defendants, wherever situated, including but not limited to, all funds, personal property, money or securities held in safes or safety deposit boxes and all funds on deposit in any financial institution, bank or savings and loan;

D.    Enter an order directing that Defendants make an accounting to the Court of all of Defendants' assets and liabilities, together with all funds Defendants received from and paid to pool participants and other persons in connection with forex, commodity futures and options transactions or purported forex, commodity futures and options transactions, including the names, mailing addresses, email addresses and telephone numbers of any such persons from whom they received such funds from January 2008 to the date of such accounting, and all disbursements for any purpose whatsoever of funds received from pool participants, including salaries, commissions, fees, loans and other disbursements of money and property of any kind, from January, 2008 to and including the date of such accounting;

E.    Enter an order requiring Defendants immediately to identify and provide an accounting for all assets and property that they currently maintain outside the United States, including, but not limited to, all funds on deposit in any financial institution, futures commission merchant, bank, or savings and loan accounts held by, under the actual or constructive control of, or in the name of any or all the Defendants, whether jointly or otherwise, and requiring them to repatriate all funds held in such accounts by paying them to the Registry of the Court, or as otherwise ordered by the Court, for further disposition in this case.

F.     Enter orders of preliminary and permanent injunction enjoining Defendants and all persons insofar as they are acting in the capacity of their agents, servants, employees, successors, assigns, and attorneys, and all persons insofar as they are acting in active concert or participation with Defendants who receive actual notice of such order by personal service or otherwise, from directly or indirectly:

1.     engaging in conduct in violation of Sections 4b(a)(1)(A) and (C) and 4b(a)(2)(A) and (C) of the Act, as amended by the CRA, to be codified at 7 U.S.C. §§ 6b(a)(1)(A) and (C) and 6b(a)(2)(A) and (C), Sections 4o(1)(A) and (B), 4m(1) and 4k(2) of the Act, 7 U.S.C. §§ 6o(1)(A) and (B), 6m(1) and 6k(2) (2006), and Regulations 1.31 and 4.23, 17 C.F.R. §§ 1.31 and 4.23 (2010);

2.     trading on or subject to the rules of any registered entity (as that term is defined in Section 1a(29) of the Act, 7 U.S.C. § 1a(29) (2006);

3.     entering into any transactions involving commodity futures, options on commodity futures, commodity options (as that term is defined in Regulation 32.1(b)(1), 17 C.F.R. § 32.1(b)(1)) (2010) ("commodity options"), and/or foreign currency (as described in Sections 2(c)(2)(B) and 2(c)(2)(C)(i) of the Act, as amended by the CRA, to be codified at 7 U.S.C. §§ 2(c)(2)(B) and 2(c)(2)(C)(i)) ("forex contracts") for any personal or

28

proprietary account or for any account in which they have a direct or indirect interest;

4.    having any commodity futures, options on commodity futures, commodity options, and/or forex contracts traded on their behalf;

5.    controlling or directing the trading for or on behalf of any other person or entity, whether by power of attorney or otherwise, in any account involving commodity futures, options on commodity futures, commodity options, and/or forex contracts;

6.    soliciting, receiving, or accepting any funds from any person for the purpose of purchasing or selling any commodity futures, options on commodity futures, commodity options, and/or forex contracts;

7.    applying for registration or claiming exemption from registration with the Commission in any capacity, and engaging in any activity requiring such registration or exemption from registration with the Commission, except as provided for in Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2010); and

8.    acting as a principal (as that term is defined in Regulation 3.1(a), 17 C.F.R. § 3.1(a)(2010)), agent or any other officer or employee of any person (as that term is defined in Section 1a(28) of the Act, 7 U.S.C. § 1a(28) (2006)) registered, exempted from registration or required to be

1   registered with the Commission, except as provided for in Regulation

2   4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2010);

3     G. Enter an order requiring Defendants to disgorge to any officer

4

5   appointed or directed by the Court or directly to the pool participants all benefits

6   received including, but not limited to, salaries, commissions, loans, fees, revenues

7   and trading profits derived, directly or indirectly, from acts or practices which

8

9   constitute violations of the Act as described herein, including pre-judgment

10   interest;

11     H. Enter an order directing Defendants and any successors thereof to

12

13   rescind, pursuant to such procedures as the Court may order, all contracts and

14   agreements, whether implied or express, entered into between them and any of the

15   customers whose funds were received by them as a result of the acts and practices

16

17   which constituted violations of the Act as described herein;

18     I. Enter an order directing Defendants to make full restitution to every

19   person or entity whose funds Defendants received or caused another person or

20

21   entity to receive as a result of acts and practices that constituted violations of the

22   Act, as described herein, and pre- and post-judgment interest thereon from the date

23   of such violations;

24     J. Enter an order directing each Defendant to pay a civil monetary

25

26   penalty in amounts of not more than the greater of (1) triple the monetary gain to

Defendants for each violation of the Act or (2) $130,000 for each violation of the Act from October 23, 2004 through October 22, 2008, and/or $140,000 for each violation of the Act on or after October 23, 2008 and pre- and post-judgment interest thereon from the date of such violations;

       K.     Enter an order requiring Defendants to pay costs and fees as permitted by 28 U.S.C. §§ 1920 and 2412(a)(2) (2006); and

1    L.    Enter an order providing such other and further relief as this Court

2  may deem necessary and appropriate under the circumstances.

3

4

5                                           Respectfully submitted,

6  Date: _September 21, 2010_

7                                           Barry Blankfield
                                            bblankfield@cftc.gov
8                                           Senior Trial Attorney
                                            Commodity Futures Trading
9                                           Commission
                                            525 West Monroe Street, Suite 1100
10                                          Chicago, Illinois 60661
                                            (312) 596-0525
11                                          Facsimile: (312) 596-0714

12

13

14                                          William P. Janulis
                                            wjanulis@cftc.gov
15                                          Senior Trial Attorney
                                            (312) 596-0545
16

17

18                                          Rosemary Hollinger
                                            rhollinger@cftc.gov
19                                          Associate Director
                                            (312) 596-0520
20

21

22

23

24

25

26

Name & Address:
Barry Blankfield, IL ARDC No. 6203785
William P. Janulis, IL ARDC No. 1326449
Rosemary Hollinger, IL ARDC No. 03123647
Commodity Futures Trading Commission
525 W. Monroe St., #1100
Chicago, IL 60061  phone (312) 596-0545  fax (312) 596-0714

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. Commodity Futures Trading Commission | CASE NUMBER |
| PLAINTIFF(S) | **CV10 7013** ~~GAF (Ex)~~ |
| v. | |
| People's Alternative, Inc., Jaime Gallardo, Karl Ochoa, and Maria Dolores Iracheta | **SUMMONS** |
| DEFENDANT(S). | |

TO:   DEFENDANT(S): *PEOPLE'S ALTERNATIVE, INC. c/o JAIME GALLARDO, PRESIDENT, 1523 PALOMA ST., PASADENA, CA 91104*

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.   The answer or motion must be served on the plaintiff's attorney, Barry R. Blankfield _____, whose address is 525 W. Monroe, Suite 1100, Chicago, IL 60661 _____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Dated: __**21 SEP 2010**__

Clerk, U.S. District Court

By: _____

MARILYN DAVIS
Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

Name & Address:
Barry Blankfield, IL ARDC No. 6203785
William P. Janulis, IL ARDC No. 1326449
Rosemary Hollinger, IL ARDC No. 03123647
Commodity Futures Trading Commission
525 W. Monroe St., #1100
Chicago, IL 60061  phone (312) 596-0545  fax (312) 596-0714

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| U.S. Commodity Futures Trading Commission | CASE NUMBER |
|---|---|
| PLAINTIFF(S)<br><br>v.<br><br>People's Alternative, Inc., Jaime Gallardo, Karl Ochoa, and Maria Dolores Iracheta<br><br>DEFENDANT(S). | **CV10 7013-GAF (Ex)**<br><br><br>**SUMMONS** |

TO:   DEFENDANT(S):   *JAIME GALLARDO, 1523 PALOMA ST, PASADENA, CA 91104*

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.   The answer or motion must be served on the plaintiff's attorney, _Barry R. Blankfield_____, whose address is _525 W. Monroe, Suite 1100, Chicago, IL 60661_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: __3 1 SEP 2010__

By: _____
       Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)                                         SUMMONS

Name & Address:
Barry Blankfield, IL ARDC No. 6203785
William P. Janulis, IL ARDC No. 1326449
Rosemary Hollinger, IL ARDC No. 03123647
Commodity Futures Trading Commission
525 W. Monroe St., #1100
Chicago, IL 60061  phone (312) 596-0545  fax (312) 596-0714

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| U.S. Commodity Futures Trading Commission | CASE NUMBER |
|---|---|
| PLAINTIFF(S) | **CV10 7013** -GAF (Ex) |
| v. | |
| People's Alternative, Inc., Jaime Gallardo, Karl Ochoa, and Maria Dolores Iracheta | **SUMMONS** |
| DEFENDANT(S) | |

TO:  DEFENDANT(S): *MARIA IRACHETA, 5178 ITHACA AVE. LOS ANGELES, CA 90032*

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, Barry R. Blankfield _____, whose address is 525 W. Monroe, Suite 1100, Chicago, IL 60661 _____ . If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: **2 1 SEP 2010** _____

By: _____
Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)                                SUMMONS

Name & Address:
Barry Blankfield, IL ARDC No. 6203785
William P. Janulis, IL ARDC No. 1326449
Rosemary Hollinger, IL ARDC No. 03123647
Commodity Futures Trading Commission
525 W. Monroe St., #1100
Chicago, IL 60061  phone (312) 596-0545  fax (312) 596-0714

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. Commodity Futures Trading Commission | CASE NUMBER |
| PLAINTIFF(S) | **CV10 7013** _-GAF(Ex)_ |
| v. | |
| People's Alternative, Inc., Jaime Gallardo, Karl Ochoa, and Maria Dolores Iracheta | **SUMMONS** |
| DEFENDANT(S). | |

TO:   DEFENDANT(S):   *KARL OCHOA, 1716 N. AVENUE 54, LOS ANGELES, CA 90042*

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.   The answer or motion must be served on the plaintiff's attorney, _Barry R. Blankfield_____, whose address is _525 W. Monroe, Suite 1100, Chicago, IL 60661_____ . If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: __**21 SEP 2010**_____

By: _____
MARILYN DAVIS
Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)                                     SUMMONS

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐)<br>U.S. Commodity Futures Trading Commission | DEFENDANTS<br>People's Alternative, Inc., Jaime Gallardo, Karl Ochoa, and Maria Iracheta |
|---|---|
| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br>Barry R. Blankfield, William Janulis, and Rosemary Hollinger<br>U.S. Commodity Futures Trading Commission, 525 W. Monroe, Suite 1100<br>Chicago, IL 60661   phone: (312) 596-7000 | Attorneys (If Known) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☒ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☐ 3 Federal Question (U.S. Government Not a Party)

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☒ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No      ☐ **MONEY DEMANDED IN COMPLAINT: $**

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
7 U.S.C., Section 13a-1; Injunctive action for violations of anti-fraud and other provisions of the Commodity Exchange Act

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☒ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | IMMIGRATION | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus- Alien Detainee | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

## CV10 7013

**FOR OFFICE USE ONLY:** Case Number:

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☑ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| All defendants: Los Angeles County | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _____   Date 21 SEPTEMBER 2010

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

CV-71 (05/08)                    CIVIL COVER SHEET                    Page 2 of 2

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Gary A. Feess and the assigned discovery Magistrate Judge is Charles Eick.

The case number on all documents filed with the Court should read as follows:

## CV10- 7013 GAF (Ex)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[X] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[ ] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[ ] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.