**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

JS-6

|  |  |
|---|---|
| **United States Commodity Futures Trading Commission,** Plaintiff, <br><br> vs. <br><br> **People's Alternative, Inc., Jaime Gallardo, Karl Ochoa, and Maria Dolores Iracheta,** Defendants. | **Case No:  CV  10-07013 GAF (Ex)** <br><br> **Judge: Gary Allen Feess** <br><br> ~~[PROPOSED]~~ **DEFAULT JUDGMENT OF PERMANENT INJUNCTION AND OTHER EQUITABLE RELIEF** |

On September 21, 2010, Plaintiff Commodity Futures Trading Commission ("CFTC" or "Commission") filed a complaint ("Complaint") seeking injunctive and other equitable relief against People's Alternative, Inc. ("PAI"), Jaime Gallardo ("Gallardo"), Karl Ochoa ("Ochoa") and Maria Dolores Iracheta ("Iracheta") (collectively, "Defendants"), for violations of the antifraud, registration and records production provisions of the Commodity Exchange Act ("Act"), as amended by the Food, Conservation, and Energy Act of 2008, Pub. L. No. 110-246, Title XIII (the CFTC Reauthorization Act of 2008 ("CRA")), §§ 13101-13204, 122 Stat. 1651 (enacted June 18, 2008), to be codified at 7 U.S.C. §§ 1 *et seq.*, and the Commission Regulations ("Regulations") promulgated thereunder, 17 C.F.R. §§ 1 *et seq.* (2010).

On September 22, 2010, this Honorable Court previously entered and issued a statutory restraining order freezing the Defendants' assets, preserving books and records, and providing Commission staff access to such records, and containing other relief.  On October 7, 2010, the Court entered a Consent Order for Preliminary Injunction and other Ancillary Relief ("Consent Order") against Defendants.

On February 15, 2011, the Commission filed its Request for Entry of Default Against Defendants.  Because the Defendants failed to otherwise answer, plead or defend this action within the time permitted by Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 12(a)(1), the Clerk of the U.S. District Court entered a default against each of the Defendants pursuant to Fed. R. Civ. P. 55(a) on February 17, 2011 .  This matter is before the Court on the Commission's Motion for Entry of a Default Judgment of Permanent Injunction ("Motion").

## I.  FINDINGS OF FACT

This Court has considered the entire record in this matter, including Commission's Motion, the Memorandum of Points and Authorities in support of the Motion and all other papers filed herein, and the Court being fully advised in the premises, finds good cause exists for entry of the relief requested. Accordingly, the Plaintiff's Motion is granted, as detailed below.

2

**THE COURT FINDS:**

1.      This Court has jurisdiction over this action pursuant to Section 6c(a) of the Act, 7 U.S.C. § 13a-1(a) (2006), and Section 2(c)(2)(C)(i)-(iii) of the Act as amended by the CRA, to be codified at 7 U.S.C. §§ 2(c)(2)(C)(i)-(iii).  Section 6c(a) of the Act authorizes the CFTC to seek injunctive relief against any person whenever it shall appear to the CFTC that such person has engaged, is engaging, or is about to engage in any act or practice constituting a violation of any provision of the Act or any rule, regulation or order promulgated thereunder.

2.      Venue properly lies with this Court pursuant to § 6c(e) of the Act, 7 U.S.C. § 13a-1(e), in that the Defendants are found in, inhabit, or transact business in this district, and the acts and practices in violation of the Act have occurred, are occurring, or are about to occur within this district, among other places.

3.      The CFTC is an independent federal regulatory agency charged by Congress with the responsibility for administering and enforcing the provisions of the Act, as amended, to be codified at 7 U.S.C. § 1 *et seq.*, and the Regulations promulgated under it, 17 C.F.R. § 1.1 *et seq.* (2010).

4.       Defendant People's Alternative, Inc. is a California corporation established in November 2008 with a business address previously at 4125 Verdugo Road, Los Angeles, California.  PAI has acted as a commodity pool

operator ("CPO") by using pooled participant funds to trade commodity futures among its various investment activities. PAI has never been registered with the Commission in any capacity.

5. Defendant Jaime Gallardo is the president of PAI and is responsible for many of the key facets of PAI's operations, including the opening and maintenance of most of PAI's bank and trading accounts. Gallardo also has held himself out to be both the chief executive officer and chief financial officer of PAI. Gallardo has never been registered with the Commission in any capacity. At all relevant times, Gallardo, directly or indirectly, controlled PAI, and did not act in good faith or knowingly induced, directly or indirectly, PAI's violative conduct as described herein.

6. Defendant Karl Ochoa has held himself out as the corporate secretary of PAI. Ochoa has never been registered with the Commission in any capacity.

7. Defendant Maria Dolores Iracheta has held herself out as both the chief executive officer and the chief financial officer of PAI. Iracheta has never been registered with the Commission in any capacity.

8. Since at least November 2008, PAI, Gallardo, Ochoa and Iracheta have fraudulently solicited, accepted and pooled at least $1.3 million dollars from approximately 103 participants and have used pooled participant funds to trade commodity futures, foreign currency ("forex") and securities. Gallardo, Ochoa

4

and Iracheta together appear to have misappropriated as much as $613,886 of these funds.  The Defendants also have failed to disclose to pool participants and prospective pool participants that their funds would be or are being used to trade commodity futures and forex, and have further failed to disclose the significant risks of loss associated with such trading.

9.      Additionally, PAI has intentionally or recklessly misrepresented that participants would not lose their principal and failed to disclose the pool's trading and/or investment losses to participants and prospective participants.  Moreover, despite issuance of subpoenas and repeated follow-up demands by CFTC personnel to produce PAI's books and records, from February 3, 2010 to October 26, 2010, PAI and Gallardo failed to produce all of PAI's books and records.

10.      Accordingly, Defendants have engaged, are engaging in and are about to engage in violations of Sections 4b(a)(1)(A) and (C) and 4b(a)(2)(A) and (C) of the Act, as amended by the CRA, to be codified at 7 U.S.C. §§ 6b(a)(1)(A) and (C) and 6b(a)(2)(A) and (C), Section 4o(1)(A) and (B) of the Act, 7 U.S.C. §§ 6o(1)(A) and (B), and Section 4k(2) of the Act, 7 U.S.C. §§ 6k(2). Additionally, Defendant Gallardo and Defendant PAI have engaged, are engaging in and are about to engage in violations of Section 4m(1) of the Act, 7 U.S.C. § 6m(1), and Regulations 1.31 and 4.23, 17 C.F.R. §§ 1.31 and 4.23 (2010).

11.   The allegations of the Complaint are well-pled and hereby taken as true.

For purposes of this Order, the following definitions apply:

12.   "Defendants" means PAI, Gallardo, Ochoa and Iracheta and any person insofar as he or she is acting in the capacity of an officer, agent, servant, employee, attorney, successor and/or assign of Defendants, and any person who receives actual notice of this Order by personal service or otherwise, including by Federal Express, United Parcel Service and facsimile, insofar as he or she is acting in concert or participation with Defendants.

13.   "Assets" means any legal or equitable interest in, right to, or claim to, any real or personal property, including but not limited to chattels, goods, instruments, equipment, fixtures, general intangibles, effects, leaseholds, mail or other deliveries, inventory, checks, notes, accounts including bank accounts and accounts at financial institutions, brokerage firms or futures commission merchants, credits, receivables, lines of credit, contracts including spot and futures contracts, insurance policies, and all cash, wherever located.

14.   The term "document" is synonymous in meaning and equal in scope to the usage of the term in Fed. R. Civ. P. 34(a), and includes, but is not limited to, writings, drawings, graphs, charts, photographs, audio and video recordings, computer records, and other data compilations from which information can be

obtained and translated, if necessary, through detection devices into reasonably usable form.  A draft or non-identical copy is a separate document within the meaning of the term.

## II.  CONCLUSIONS OF LAW

As the well-pled allegations of the Complaint are taken as true and have been further supported by the declarations and exhibits submitted by the Plaintiff, **THE COURT FURTHER FINDS THAT**:

Defendants have engaged in acts and practices which violate Sections 4b(a)(1)(A) and (C) and 4b(a)(2)(A) and (C) of the Act, as amended by the CRA, to be codified at 7 U.S.C. §§ 6b(a)(1)(A) and (C) and 6b(a)(2)(A) and (C), Section 4o(1)(A) and (B) of the Act, 7 U.S.C. §§ 6o(1)(A) and (B), and Section 4k(2) of the Act, 7 U.S.C. §§ 6k(2), and Defendant Gallardo and Defendant PAI have engaged in acts and practices which violate Section 4m(1) of the Act, 7 U.S.C. § 6m(1), and Regulations 1.31 and 4.23, 17 C.F.R. §§ 1.31 and 4.23 (2010), and therefore, judgment shall be and hereby is entered in favor of the Plaintiff CFTC and against Defendants as follows.

## III.  PERMANENT INJUNCTIVE RELIEF GRANTED

Notwithstanding the Defendants' individual and collective defaults, the totality of the circumstances establish that, unless restrained and enjoined by this Court, there is a reasonable likelihood that Defendants will continue to engage in

the acts and practices alleged in the Complaint and in similar acts and practices in

violation of the Act.  In addition, the imposition of other ancillary equitable relief

is required to comply with the basic objectives of the Act.

### IT IS THEREFORE ORDERED, ADJUDGED AND DECREED

A.      Defendants are permanently restrained, enjoined and prohibited from

directly or indirectly:

1.      Cheating or defrauding or attempting to cheat or defraud to any other person, or willfully deceiving or attempting to deceive any other person by any means whatsoever, in violation of Section 4b(a)(1)(A) and (C) of the Act, as amended by the CRA, to be codified at 7 U.S.C. § 6b(a)(1)(A) and (C);

2.      Cheating or defrauding or attempting to cheat or defraud to any other person, or willfully deceiving or attempting to deceive any other person by any means whatsoever, in violation of Section 4b(a)(2)(A) and (C) of the Act, as amended by the CRA and the Dodd-Frank Wall Street Reform and Consumer Protection Act of 2010, Pub. L. No. 111-203 ("Dodd-Frank Act"), Title VII (the Wall Street Transparency and Accountability Act of  2010), §§701-774, 124 Stat. 1376 (enacted July 21, 2010, to be codified at 7 U.S.C. § 6b(a)(2)(A) and (C);

3.      Employing any device, scheme, or artifice to defraud any participant or prospective participant, or engaging in any transaction, practice, or course of business which operates as a fraud or deceit upon any participant or prospective participant, by use of the mails or any means or instrumentality of interstate commerce, in violation of Section 4o(1)(A) and (B) of the Act, 7 U.S.C. §§ 6o(1)(A) and (B);

4.      Acting in any capacity requiring registration with the Commission without the benefit of registration, in violation of Sections 4k(2) and 4m(1) of the Act, 7 U.S.C. §§ 6k(2) and 6m(1); and

5.      Refusing to keep, produce and make available for inspection by the Commission, when as requested, any books, records, documents,

correspondence, brochures, manuals, electronically stored data, tape records or other property of Defendants wherever located, including, but not limited to, all such records of Defendants' business operations, in violation of Regulations 4.23 and 1.31, 17 C.F.R. §§ 1.31 and 4.23 (2010).

B.   Defendants are further permanently restrained, enjoined and prohibited, from directly or indirectly:

1.   trading on or subject to the rules of any registered entity (as that term is defined in Section 1a of the Act, as amended by the CRA, to be codified at 7 U.S.C. § 1a);

2.   entering into any transactions involving commodity futures, options on commodity futures, commodity options (as that term is defined in Regulation 32.1(b)(1), 17 C.F.R. § 32.1(b)(1) (2010)) ("commodity options"), swaps, and/or foreign currency (as described in Sections 2(c)(2)(B) and 2(c)(2)(C)(i) of the Act, as amended by the CRA, to be codified at 7 U.S.C. §§ 2(c)(2)(B) and 2(c)(2)(C)(i)) ("forex contracts"), for their own personal account or for any account in which they have a direct or indirect interest;

3.   having any commodity futures, options on commodity futures, commodity options, swaps, and/or forex contracts traded on their behalf;

4.   controlling or directing the trading for or on behalf of any other person or entity, whether by power of attorney or otherwise, in any account involving commodity futures, options on commodity futures, commodity options, swaps, and/or forex contracts;

5.   soliciting, receiving, or accepting any funds from any person for the purpose of purchasing or selling any commodity futures, options on commodity futures, commodity options, swaps, and/or forex contracts;

6.   applying for registration or claiming exemption from registration with the CFTC in any capacity, and engaging in any activity requiring such registration or exemption from registration with the

9

CFTC except as provided for in Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2010); and

7.   acting as a principal (as that term is defined in Regulation 3.1(a), 17 C.F.R. § 3.1(a) (2010)), agent, or any other officer or employee of any person registered, exempted from registration or required to be registered with the CFTC except as provided for in Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2010).

C.   The injunctive provisions of this Order shall be binding upon Defendants, upon any person who acts in the capacity of officer, agent, employee, attorney, successor and/or assign of Defendants, and upon any person who receives actual notice of this Order, by personal service or otherwise, insofar as he or she is acting in active concert or participation with any of the Defendants.

# IV.  RESTITUTION, DISGORGEMENT, CIVIL MONETARY PENALTIES AND OTHER ANCILLARY RELIEF RESERVED

**IT IS FURTHER ORDERED THAT:**

A.   **Asset Freeze**

1.   Until further order of this Court, the asset freeze terms of the Consent Order for Preliminary Injunction and other Ancillary Relief entered on October 7, 2010, as modified on January 14, 2011, shall remain in effect.

B.   **Restitution, Disgorgement and Civil Monetary Penalties**

1.   The issues of necessary relief pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1, regarding restitution for Defendants' defrauded investors and appropriate disgorgement and civil monetary penalties to be assessed against

Defendants are still unresolved and are hereby reserved for further determination by this Court upon motion of the Commission.

2.      In connection with any motion to determine the amount of restitution, disgorgement, the parties may take discovery, including discovery from appropriate non-parties.

3.      Additionally, in connection with any motion to determine the amount of restitution, disgorgement and/or civil monetary penalties, and at any hearing held on such a motion:

a.      Defendants shall be bound by the findings of fact and conclusions of law in this order and estopped from arguing that they did not violate federal law as alleged in the Complaint; and

b.      the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure.

## C.      Cooperation

1.      In order to facilitate the determination of appropriate amounts for restitution, disgorgement and civil monetary penalties, Defendants are hereby ordered to cooperate fully with the Commission.  The Defendants' cooperation obligations shall include, but not be limited to:

a.      fully and truthfully completing any financial questionnaire and/or investor survey forms and providing any available documentary verification required by the forms;

b.      submitting to a financial deposition or interview should the plaintiff deem it necessary;

c.      fully and truthfully answering all questions regarding their past and present financial condition in such interview or deposition;

d.      providing any additional documentation within their possession or control requested by the Plaintiff regarding their financial condition or status, including, but not limited to, income and earnings, assets, financial statements, asset transfers, and tax returns; and

e.      providing the Commission access to all records of Defendants held by banks and financial institutions located within or outside the territorial United States by signing a Consent to Release of Financial Records should the Plaintiff deem it necessary.

2.      It is further ordered that representatives of the plaintiff Commission upon reasonable notice, be allowed continued access to inspect the books, records and other electronically stored data, tape recordings, and other documents of Defendants and their agents, including all such records of their business operations, wherever they are situated and whether they are in the hands of Defendants or others and to copy said documents, data and records, either on or off the premises where they may be situated.

3.      It is further ordered that Defendants continue to be restrained and enjoined from directly or indirectly refusing to make available for inspection by the CFTC, when as requested, any books, records, documents, correspondence, brochures, manuals, electronically stored data, tape records or other property of

Defendants wherever located, including, but not limited to, all such records of Defendants' business operations.

## V. BOND NOT REQUIRED OF PLAINTIFF

**IT IS FURTHER ORDERED** that:

Pursuant to Section 6c(b) of the Act, 7 U.S.C. § 13a-1, no bond need be posted by the Plaintiff CFTC, which is an agency of the United States of America.

## VI. STAY

**IT IS FURTHER ORDERED** that except by leave of the Court the Defendants and all other persons and entities continue to be stayed from taking any action to establish or enforce any claim, right or interest for, against, on behalf of, or in the name of the Defendants, including but not limited to, the following actions:

A.    Commencing, prosecuting, litigating or enforcing any suit, except that actions may be filed to toll any applicable statute of limitations;

B.    Accelerating the due date of any obligation or claimed obligation, enforcing any lien upon, or taking or attempting to take possession of, or retaining possession of, property of the Defendants or any property claimed by the Defendants, or attempting to foreclose, forfeit, alter or terminate any of the Defendants' interests in property, whether such acts are part of a judicial proceeding or otherwise;

C.    Using self-help or executing or issuing, or causing the execution or issuance of any court attachment, subpoena, replevin, execution or other process for the purpose of impounding or taking possession of or interfering with, or creating or enforcing a lien upon

any property, wherever located, owned by or in the possession of the Defendants; and

D.      Doing any act or thing to interfere with the exclusive jurisdiction of this Court over the property and assets of the Defendants.  This paragraph does not stay the commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power.

## VII.  SERVICE OF ORDER

**IT IS FURTHER ORDERED** that copies of this Order may be served by any means, including facsimile transmission, e-mail, United Parcel Service and Federal Express, upon any financial institution or other entity or person that may have possession, custody, or control of any documents or assets of the Defendants, or that may be subject to any provision of this Order.  Messrs. Barry Blankfield, William Janulis, Ken Hampton and John Wilson, all employees of the CFTC, are hereby specially appointed to serve process, including this Order and all other papers in this cause.

## VIII.  SERVICE ON THE COMMISSION

**IT IS FURTHER ORDERED** that the Defendants shall serve all pleadings, correspondence, notices and other materials required by this Order on Plaintiff CFTC by delivering a copy to Mr. Barry Blankfield, Senior Trial Attorney, Division of Enforcement, Commodity Futures Trading Commission, 525 W. Monroe, Suite 1100, Chicago, Illinois 60661.

## IX.  COURT MAINTAINS JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this cause in order to resolve reserved issues of restitution, disgorgement and civil monetary penalties, to assure compliance with this Order and for all other purposes related to this action.

## ~~X.  FURTHER COURT HEARINGS~~

~~**IT IS FURTHER ORDERED** that this matter is set for a status hearing on~~

~~_____.~~

**IT IS SO ORDERED**.

Dated:  July 5, 2011_____                    _____

                                              UNITED STATES DISTRICT JUDGE